**SULAIMAN LAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DOW, individually, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC,<br><br>Defendant. | Case No. 3:21-cv-01122<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") PURSUANT TO 47 U.S.C. §227.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** TERRY DOW ("Plaintiff"), on behalf of himself and all others similarly situated by and through his undersigned attorney, on behalf of himself and all others similarly situated, complaining of DOORDASH, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of himself and numerous other individuals pursuant to the seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in this District and the wrongful conduct giving rise to this case emanated from this

District.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant provides a service that allows consumers to place food orders from restaurants and to have those orders delivered by contracted DoorDash drivers who are known as Dashers.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

## FACTS SUPPORTING CAUSES OF ACTION

8. Around November 2020, Plaintiff began receiving numerous unsolicited and unwanted text messages and phone calls from Defendant to his cellular phone number, (360) XXX-4804.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in 4804. Plaintiff is and has always been financially responsible for this telephone and its services.

10. Defendant's text messages and calls were regarding deliveries for a costumer named "Vein Yang."

11. Plaintiff was perplexed, as he does not know a "Vein Yang." Moreover, Plaintiff never used the Door Dash app nor does he have it installed on his cellular phone.

12. Around December 2020, Plaintiff answered a call from Defendant. During this call, Plaintiff explained that the text messages and phone calls were disturbing to him, that he did not

have Door Dash, and that he was not "Vein Yang."

13. Despite Plaintiff informing Defendant he was not "Vien Yang," Defendant continued to text and call Plaintiff.

14. Frustrated, Plaintiff answered several calls and reiterated that he was not "Vien Yang" and was the wrong party.

15. Notwithstanding Plaintiff informing Defendant on several occasions that he was the wrong party, Defendant sent or caused to be sent numerous text messages and automated calls to Plaintiff's cellular phone between November 2020 and the present day, often with multiple text messages and calls being sent within an hour.

16. Defendant intentionally harassed and abused Plaintiff on numerous occasions by texting multiple times, which such frequency as can be reasonably expected to harass.

**Class Allegations**

17. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Unsolicited Text Message Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) texted, (2) for substantially the same reason Defendant texted Plaintiff, (3) after they informed Defendant they were the wrong party, (4) using automated messaging.

18. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the

3

need to amend the Class definitions following appropriate discovery.

19. **Numerosity**: On information and belief, there are hundreds, if not thousands members of the Classes such that joinder of all members is impracticable.

20. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant DoorDash placed automated text messages to consumers after being instructed they were the contacting the wrong party;

(b) whether the Defendant engaged in placed automated text messages without implementing adequate internal policies and procedures for maintaining an internal do not contact list;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

22. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

4

of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

25. The TCPA defines TFM as "equipment which has the capacity…to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

26. Alternatively, Defendant sent these texts an automated telephone dialing system ("ATDS") in violation of 47 U.S.C. § 227(b)(1)(iii). The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards

Plaintiff's cellular phone. The automated nature of the text messages Plaintiff received similarly Defendant's use of an ATDS.

28. Upon information and belief, the system employed by Defendant to place text messages to Plaintiff's cellular phone has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

29. Defendant violated the TCPA by placing numerous text messages to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff repeatedly placed Defendant on notice that he was the wrong party and that they did not have his consent to contact him.

30. The text messages placed by Defendant to Plaintiff were not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Upon information and belief, based on the frequency and content of the text messages, Defendant used a TFM or ATDS.

32. Defendant violated the TCPA by sending numerous text messages to Plaintiff's cellular phone using a TFM or ATDS without his prior consent.

33. As pled above, Plaintiff was severely harmed by Defendant's text messages sent to his cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its marketing practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

37. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendant is liable to Plaintiff for a minimum

of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, TERRY DOW, individually and on behalf of the class, respectfully prays this Honorable Court for the following relief:

 a. Declare Defendant's text messages to be in violation of the TCPA;
 b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;
 c. Award statutory damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);
 d. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class;
 e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Date: February 15, 2021                                            Respectfully submitted,

                                                                   **TERRY DOW**, individually and on behalf of others similarly situated

                                                                   By: */s/ Alexander J. Taylor*

                                                                   Alexander J. Taylor
                                                                   **Sulaiman Law Group**
                                                                   2500 S. Highland Avenue
                                                                   Suite 200
                                                                   Lombard, Illinois
                                                                   Telephone: 331-307-7646
                                                                   Facsimile: 630-575-8188
                                                                   E-Mail: ataylor@sulaimanlawgroup.com